STATE OF CONNECTICUT *v.* LAWRENCE ELLIOTT

Decided October 17, 1958

*Lawrence Elliott,* the defendant, pro se.

*Albert S. Bill,* state's attorney, for the state.

BY THE DIVISION. The defendant, age forty-four, pleaded guilty to a charge of manslaughter and on April 24, 1958, was sentenced by the Superior Court to the state prison for a term of not less than eight nor more than fifteen years.

On December 20, 1957, the defendant and five other men were gambling when the defendant became involved in an argument with the victim, Alexander Matthews. The two men began to fight and the defendant pulled a pocket knife and opened the blade. An occupant of the apartment grabbed his hand, in which he held the knife, and ordered them outside. The two men left the house to continue their fight. During the course of the disagreement, the defendant ran to his apartment, located in the same building, got a shotgun, loaded it and returned to where Matthews was standing on the porch. Matthews dared the defendant to shoot. The defendant fired, wounding Matthews in the left thigh, causing hemorrhage from the left femoral vein and artery and surgical shock, from which Matthews died. According to the defendant, Mat-

thews had provoked him into getting his gun, Matthews stating that he already had his own. Both men had been drinking. After the shooting, defendant escaped to Georgia where he was apprehended.

The defendant claims his sentence is unduly severe. The taking of human life without warrant or justification is a serious offense. The unlawful use of serious personal violence, or of dangerous weapons, to satisfy a personal grievance, particularly when death results, merits severe punishment for the protection of the public from such consequences. In presenting the defendant upon the charge of manslaughter, the defendant was given the benefit of every consideration to which he was entitled. Notwithstanding that Matthews may have provoked the defendant into going to procure his gun, the defendant did not take advantage of this opportunity to withdraw, but having left, he armed himself and returned to meet the victim. The charge on which the defendant was presented took into account as mitigating factors any effect which the use of alcohol may have had in preventing his having an intent to kill, thereby saving him from a more serious charge, and the defendant's claim that, when defendant had returned with the shotgun, Matthews had made a threatening motion towards his right hip as though to shoot. In view of the foregoing and the fact that the defendant's past criminal history indicates an inclination on his part toward the unlawful use of personal violence and that he was aware of the recommendation which was to be made by the state, which was followed by the court, the sentence which it imposed is proper and appropriate to the circumstances, and is affirmed.

Thim, Ryan and Pastore, Js., participated in this decision.